# United States District Court
# Northern District of Indiana

| | |
|---|---|
| MARVIN C. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:07-CV-613 JVB |
| v. ) | |
| ) | |
| SOUTH BEND POLICE DEPT., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Marvin C. Smith, a *pro se* prisoner, submitted a complaint (Pro Se Complaint, DE #1) under 42 U.S.C. § 1983, and a more definite statement. (Response, DE # 7). He alleges the South Bend Police Department violated his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments in that its officers repeatedly arrested him "when he has not violated the law." ( DE #1 at 3 and 4).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must

> allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* FED. RULE CIV. PROC. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Mr. Smith asserts he was arrested six different times between August 5, 2005, and October 7, 2007. Two of the arrests occurred in August of 2005. (DE #1 at 3-4). Though the statute of limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Because there is no federal statute of limitations for § 1983 actions, courts apply the most appropriate state statute of limitations. Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). The Indiana statute of limitations applicable to § 1983 actions is the two-year period found in IND. CODE § 34-11-2-4. *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). A § 1983 claim accrues on "the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir.2006). The statute of limitations begins to run upon injury (or, as is usually the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries. *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2169, 2175-76, 167 L. Ed.2d 982 (2007); *Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001); *Pollis v. New School for Social Research*, 132 F.3d 115, 119 (2d Cir.1997). Consequently, the statute of limitations has expired on the August, 2005, alleged arrests and they must be dismissed.

Mr. Smith maintains he was "picked on by South Bend police" for about two years after his release from Boys School. (DE # 7 at 2). On January 12, 2007, Mr. Smith says he was arrested while walking alone close to midnight. According to Mr. Smith, before arresting him for misdemeanor trespass, the police stopped him and asked for identifying information. It is unclear how that case was resolved although Mr. Smith declares he never went to court. (DE # 7 at 5). On January 31, 2007, at a little past noon, Mr. Smith was arrested at a grocery store after a security guard apparently called the police. Mr. Smith indicates that he was walking around the store for more then an hour waiting for a ride. He was charged with resisting arrest and trespass. (DE # 7 at 6). On February 10, 2007, at close to seven in the evening the police arrived as Mr. Smith knocked on the door of a "close friend." The police ordered Mr. Smith to remain while they spoke with the home's occupant. When the police exited the residence, they placed Mr. Smith in the patrol car; he was charged with trespass. Apparently Mr. Smith was convicted of this offense because he was sentenced to six months' probation. (DE # 7 at 7). Finally, Mr. Smith states he was unlawfully arrested on October 7, 2007, at three o'clock in the morning as he walked near a gas station. The record does not reveal whether the gas station was open. Mr. Smith says the police stopped him and asked if he would take a breathalyzer. He relates that the police placed him in the back of the patrol car "because of my behavior." The charges against him were obstructing traffic and disorderly conduct. (DE # 7 at 8).

> To succeed on his unlawful arrest claim . . . [the plaintiff] must prove that they arrested him without probable cause. A law enforcement officer has probable cause to arrest when the facts and circumstances within his knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense. We evaluate probable cause not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable

person in the position of the arresting officer--seeing what he saw, hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (citations, emphasis, and quotation marks omitted). A Fourth Amendment violation is actionable even without proof of actual damages. *Siebert v. Severino*, 256 F.3d 648, 655 (7th Cir.2001).

In two of the four arrests Mr. Smith challenges, it appears the police took him into custody after responding to calls from third parties. Because the record does not reveal what information the officers received, however, the Court cannot determine whether it sufficiently supported a belief that Mr. Smith had either committed or was committing a crime. In the other two instances, the record simply does not show how Mr. Smith came to the attention of the police; they may have encountered him on routine patrol. On those occasions Mr. Smith was out alone, late at night. Even if these circumstances could support a "Terry"[1] stop, the record is devoid of any other information the officers gathered to support probable cause to arrest Mr. Smith. Also, the Court notes that Mr. Smith's more definite statement contradicts the claim in his complaint that he was arrested but never charged with any offense. Nevertheless, giving Mr. Smith the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim for being arrested without probable cause in violation of his Fourth Amendment rights on January 12, 2007, January 31, 2007, February 10, 2007, and October 7, 2007.

During the January 31, 2007, arrest Mr. Smith says a police officer threw him into the patrol car and slammed its door on his foot; as a result he lost a toenail. (DE # 7 at 6). "The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of

---

[1] *Terry v. Ohio*, 392 U.S. 1(1968),

physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 441 U.S. at 497. Giving Mr. Smith the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim for an excessive use of force in violation of the Fourth Amendment.

With his charge that the police officers picked on him, it seems Mr. Smith asserts a Fourteenth Amendment equal protection claim. The Fourteenth Amendment's guarantee of equal protection is a right to be free from invidious discrimination in statutory classifications or other governmental activity, *Harris v. McRae*, 448 U.S. 297, 322 (1980); *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982). Mr. Smith does not allege membership in a protected class or that the police treated similarly-situated persons differently. *Cf. Lucas v. Chicago Transit Authority*, 367 F.3d 714, 732 (7th Cir.2004) (requiring proof that similarly-situated individuals "who were not members of the protected class" were treated more favorably in order to establish discriminatory intent).The constitution is not violated where a person simply is treated unfairly as an individual. *Travtvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990) (citing *Huebschen v. Dep't of Health and Social Servs.*, 716 F.2d 1167, 1171 (7th Cir. 1983). Mr. Smith does not state a claim under the Fourteenth Amendment's equal protection clause.

Mr. Smith names the South Bend Police Department as the sole defendant. He alleges the South Bend Police Department has "picked on" and harassed him by repeatedly arresting him without probable cause. For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of

6

federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). A plaintiff must show municipal policymakers made a "deliberate choice" among various alternatives and that the injury was caused by the policy. *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986); *Frake v. City of Chicago*, 210 F.3d 779 (7th Cir. 2000) (parallel citations omitted). Here, Mr. Smith implicitly alleges that the deliberate action, choice, or policy of the South Bend Police Department caused his arrests in the instances set forth in the complaint. Giving Mr. Smith the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim the South Bend Police Department has a policy or custom of arresting him without probable cause. Therefore he has stated a claim against the South Bend Police Department.

Four "unknown" South Bend Police Department officers actually carried out the arrests. Although Mr. Smith did not provide the names of any of these officers, he gave "control" numbers. (DE 1 at 3-4 and DE 7). He cannot proceed against these defendants until he identifies them and amends his complaint to name them. In such circumstances, service may be made on a senior official to identify the defendants' actual names. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996). Consequently, pursuant to 28 U.S.C. § 1915(d), the Court will direct the United States Marshals Service to effect service of process on the South Bend Police Department for the purpose of discovery to identify the officers who actually arrested Mr. Smith. The Court cautions Mr. Smith that after he has conducted discovery on the South Bend Police Department, he must move to amend his complaint to specifically name the individuals he discovers, and that he will have to provide the paperwork necessary to serve the new defendants.

Therefore, the Court:

(1) **GRANTS** Marvin C. Smith leave to proceed against the South Bend Police Department and four South Bend police officers identified by the control numbers 248702, 249370, and 258820, in their official and individual capacities, on Mr. Smith's claim he was arrested without probable cause on January 12, 2007, January 31, 2007, February 10, 2007, and October 7, 2007, in violation of his constitutional rights under the Fourth Amendment;

(2) **GRANTS** Marvin C. Smith, leave to proceed against one South Bend police officer in his individual capacity for using excessive force by throwing him into a patrol car and slamming its door on his foot causing bodily injury while arresting Mr. Smith on January 31, 2007, in violation of his rights under the Fourth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the Clerk of the Court to transmit the summonses and USM-285 forms to the United States Marshals Service along with copies of this order and copies of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on the South Bend Police Department for the purpose of answering the complaint and for purposes of discovery to identify the South Bend police officers who arrested the plaintiff on January 12, 2007, January 31, 2007, February 10, 2007, and October 7, 2007; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), the South Bend Police Department to file an answer, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order

**SO ORDERED** on June 30, 2008.

                                       s/ Joseph S. Van Bokkelen
                                      Joseph S. Van Bokkelen
                                      United States District Judge
                                      Hammond Division