# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| MARVIN C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:07-CV-613 JVB |
| v. | ) | |
| | ) | |
| SOUTH BEND POLICE DEPT., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Marvin C. Smith, a pro se prisoner, submitted an amended complaint (DE 49).

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

*Erickson v. Pardus*, 127 S.Ct 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).[1]

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, *Id.* (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S at 555, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

---

[1] *See also Ashcroft v. Iqbal*, 556 U.S.___, (2009).

**DISCUSSION**

A Krogers supermarket private security guard accused Smith of stealing and called the police. Before the police arrived the security guard searched Smith but did not find any stolen merchandise. When the security guard told Smith to leave the store, he refused. As Smith stood by the building's exit, two police officers arrived. Smith told them he did not steal anything and that he was not leaving the store. At that point, Officer Burtuff turned Smith around in an aggressive manner, searched him, escorted him from the store, and forcibly placed him in the back seat of the police car. As he lay with his hands cuffed, Smith alleges the officer slammed the car's door on his foot. The resultant injury to his foot caused Smith to lose a toenail. Smith contends the officer did not accidentally close the door on his foot.

"The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397. It is not objectively unreasonable to forcefully close a car door to insure it is secured. However, Smith's assertion the officer did not accidentally hit his foot with the door implies that the plaintiff contends the officer shut the door knowing it would strike his foot. Consequently, giving Smith the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he states a claim for an excessive use of force in violation of the Fourth Amendment.

Therefore, the Court:

(1) **GRANTS** Marvin C. Smith, leave to proceed against Timothy Burtuff in his individual capacity for allegedly using excessive force by purposely slamming a patrol car door on the plaintiff's foot in violation of the Fourth Amendment;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Timothy Burtuff for the purpose of answering the amended complaint; and

(4) **ORDERS** Timothy Burtuff, pursuant to 42 U.S.C. § 1997e(g)(2), to file an answer, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule10.1, only to the claims on which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on July 1, 2009.

 s/Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division